## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SHAMEL ALLAH FLUDD, #421-543
        Plaintiff                :

    v.                                  :   Civil Action No. DKC-14-2030

WEXFORD                         :
        Defendant

**MEMORANDUM OPINION**

On June 23, 2014, Shamel Allah Fludd (hereinafter "Fludd"), currently incarcerated within the Maryland Department of Corrections and housed at Maryland Correctional Training Center in Hagerstown ("MCTC"), filed a civil complaint pursuant to 42 U.S.C. § 1983 alleging that between June 5-7, 2014, prison health care providers gave him medication intended for a former cell mate. He claims that as a result, his sleep patterns and appetite have been affected and he is experiencing breathing problems, blackouts and headache. Fludd, who indicates he is bipolar and has high blood pressure, worries that he may have ongoing health problems due to this medical error.[1]  ECF No. 1.

Fludd seeks money damages and the termination of two nurses and two corrections officers. He claims the nurses erroneously provided the medication, and the officers were "suppose to have known that [the cell mate] transfer[r]ed out of the Institution" but failed to "check ID cards when [he is] accepting medication from [a] nurse." ECF No. 1, p. 3.

This claim focuses on side effects Fludd claims to suffer as a result of alleged negligence, rather than an Eighth Amendment violation of rights premised on deliberate indifference to serious medical need. Mere negligence or malpractice does not rise to a constitutional level.[2]

---

[1] Fludd did not pay the civil filing fee or submit an indigency affidavit. In light of the outcome of this case, he shall not be required to correct this deficiency.

*Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986). Federal courts have limited original jurisdiction and do not sit to review every claim related to state tort claims such as medical malpractice or tortious conduct involving non-federal parties.[3] This court only has authority to review such claims if the claims are sufficient to establish federal diversity of citizenship jurisdiction. Such is not the case here.

Fludd's complaint fails to state a federal claim and shall not proceed. A separate order follows.


Date:   June 30, 2014                                     /s/
                                           DEBORAH K. CHASANOW
                                           United States District Judge

---

[2] Under Maryland law, a claim of medical malpractice could proceed only after the parties complete review before the Maryland Health Claims Arbitration Board. *See* Md. Code Ann., Cts & Jud. Proc., §3-2A-01 et seq.; *see also Davison v. Sinai Hospital of Balt. Inc*, 462 F.Supp. 778, 779-81 (D. Md. 1978); *Group Health Ass'n, Inc. v. Blumenthal*, 295 Md. 104, 114 (1983). There is no demonstration that Fludd has sought or completed such review.

[3] This court does not have original subject matter jurisdiction over such disputes. Further, there are no facts to suggest a federal question is presented pursuant to 28 U.S.C. § 1331.